UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALLISON J. BALLOON
719 22ND ST NE
Canton, Ohio 44714,

                        Plaintiff,                Case No. 18 CV 21

v.

THE BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM
1860 Van Hise Hall
1220 Linden Dr.
Madison, Wisconsin 53706,

JOHN ROBERT BEHLING, In His Official Capacity as President of The Board of Regents of
The University of Wisconsin System,
Weld Riley, S.C.
3624 Oakwood Hills Parkway
Eau Claire, Wisconsin 54701,

JOSHUA COON
4426 Genetics-Biotech Center Building
425 Henry Mall
Madison, Wisconsin 53706,

MATTHEW SANDERS
6209a Chemistry Building
1101 University Avenue
Madison, Wisconsin 53706,

ROBERT MCMAHON
6209a Chemistry Building
1101 University Avenue
Madison, Wisconsin 53706,

DANIEL AMADOR-NOGUEZ
6472 Microbial Sciences Building
Madison, Wisconsin 53706,

ABC INSURANCE COMPANY,

                        Defendants.

## COMPLAINT

### NATURE OF ACTION

1. This is a civil action brought by the plaintiff pursuant to the Civil Rights Act of 1964 (as amended), 42 U.S.C. §2000 et. seq. (Title VII) and 42 U.S.C. §1983. The plaintiff alleges that the defendants discriminated against her by retaliating against her for engaging in a protected activity, and that they did so under color of law.

### JURISDICTION AND VENUE

2. The United States District Court for the Western District of Wisconsin has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

3. Venue is proper as this action arose in Dane County, Wisconsin, in the Western District of Wisconsin, pursuant to 28 U.S.C §§130(b) and 1441(a).

### PARTIES

4. Allison J. Balloon is an adult resident of Ohio whose current address is 719 22nd Street NE, Canton, Ohio 44714. At all times relevant to this Complaint, she was a resident of Madison, Wisconsin, both attending and employed at the University of Wisconsin-Madison.

5. Defendant Board of Regents of the University of Wisconsin System ("Board of Regents") is a governmental body of the State of Wisconsin pursuant to Wis. Stats. §§ 36.07-36.11, with its principal office located at 1860 Van Hise Hall, 1220 Linden Drive, Madison, Wisconsin 53706.

6. Defendant John Robert Behling ("Behling") is an adult resident of the State of Wisconsin whose business address is Weld Riley, S.C., 3624 Oakwood Hills Parkway, Eau Claire,

Wisconsin 54701. Behling is the current President of the Board of Regents. Behling is being sued in his official capacity.

7.    Defendant Joshua Coon ("Coon") is an adult resident of the State of Wisconsin whose business address is 4426 Genetics-Biotech Center Building, 425 Henry Mall, Madison, Wisconsin 53706. At all times relevant to this Complaint, Coon was an employee of the University of Wisconsin System working as a professor at the University of Wisconsin-Madison Chemistry Department. Coon is being sued in his individual capacity and his official capacity.

8.    Defendant Matthew Sanders ("Sanders") is an adult resident of the State of Wisconsin whose business address is 6209a Chemistry Building, 1101 University Avenue, Madison, Wisconsin 53706. At all times relevant to this Complaint, Sanders was an employee of the University of Wisconsin system and served as the Executive Director of the Chemistry Department at the University of Wisconsin-Madison. Sanders is being sued in his individual and his official capacity.

9.    Defendant Robert McMahon ("McMahon") is an adult resident of the State of Wisconsin whose business address is 6209a Chemistry Building, 1101 University Avenue, Madison, Wisconsin 53706. At all times relevant to this Complaint, Sanders was an employee of the University of Wisconsin system and served as a professor and as the Chair of the Chemistry Department at the University of Wisconsin-Madison. In that capacity, McMahon supervised and advised all faculty in the Chemistry Department. McMahon is being sued in his individual and his official capacity.

10.   Defendant Daniel Amador-Noguez ("Amador-Noguez") is an adult resident of the State of Wisconsin whose business address is 6472 Microbial Sciences Building, Madison,

Wisconsin 53706. At all times relevant to this Complaint, Amador-Noguez was an employee of the University of Wisconsin system and served as a professor in the Department of Bacteriology at the University of Wisconsin-Madison. Amador-Noguez is being sued in his individual and his official capacity.

11.   Defendant ABC Insurance Company is the fictitious name for an unknown insurance company whose address and registered agent for service are unknown to the plaintiff. On information and belief, ABC Insurance Company had in full force and effect policy(ies) of insurance to the named defendants that provided liability coverage for the acts alleged in this complaint.

## FACTS

12.   In or about May 2012, the plaintiff enrolled as a graduate student in the School of Chemistry at the University of Wisconsin-Madison, working toward her Ph.D.

13.   That same month, the plaintiff began her appointment as a Research Assistant ("RA") within the Chemistry Department at the University of Wisconsin-Madison, in defendant Coon's lab. She was part of a group of graduate students working under the supervision and direction of Coon, referred to hereafter as the "Coon Research Group." She was awarded a fellowship in addition to a stipend to do research.

14.   The plaintiff was recruited by Coon to be a member of the Coon research group, based upon her past academic performance and awards she had received.

15.   In May 2014, the plaintiff finished all of the coursework needed for her degree, compiling a 3.6 G.P.A. She had presented her preliminary thesis the previous month.

16. In September 2014, Coon requested that the plaintiff host a renowned chemist from Germany, Matthias Mann. The request was an honor and reflective of the plaintiff's standing in the Coon Research Group.

17. On or about October 9, 2014, the plaintiff attended a dinner honoring Dr. Allison Doerr, Senior Editor for Nature Methods, a scientific journal. During the dinner the plaintiff and other women discussed gender discrimination in the science field.

18. On or about October 13, 2014, following the dinner with Dr. Doerr, Coon accused the plaintiff of stating to others that there were discriminatory employment practices, on the basis of gender, in the Coon Research Group.

19. On or about October 15, 2014, the plaintiff asked the Graduate Student Coordinator at the Department of Chemistry, Arietta Claus, to arrange a mediation between the plaintiff and Coon, as the plaintiff feared retaliation from Coon. No such mediation was arranged.

20. On or about October 16, 2014, Coon placed the plaintiff on leave from the Coon Research Group, alleging behavioral issues and poor work performance.

21. Also on or about October 16, 2014, Coon and Assistant Dean of Students Ervin Cox ("Cox") met with the plaintiff. Together they coerced the plaintiff into seeking professional counseling and mandated that she authorize the release of her confidential medical information to them. Cox provided the plaintiff an already-completed document allowing for the release of her medical records from the upcoming counseling sessions to Coon and Cox. At the same meeting, Coon barred the plaintiff from his lab and from having any contact with the members of his research group.

22. On or about October 17, 2014, the plaintiff enrolled in counseling as instructed.

23.   On or about October 27, 2014, the plaintiff met with Sanders and asked if he knew of any reason why she had been suspended from the Coon Research group. Sanders responded that he did not. The plaintiff told Sanders that she feared that Coon was retaliating against her, and that the retaliation might escalate. Sanders responded that Coon had the authority to do what he was doing.

24.   On or about October 27, 2014, the plaintiff received a formal letter from Coon alleging that she had severe behavioral issues and reiterating that she attend counseling and have no contact with his employees.

25.   On or about November 6, 2014, the plaintiff was informed by a fellow graduate student that members of Coon's staff had knowledge of, and were disseminating the plaintiff's confidential health information. The plaintiff sent an email to Coon asking that he stop disseminating her confidential health information immediately.

26.   On or about November 7, 2014, Coon responded to the plaintiff admitting that he had shared her medical information with all of his staff, and apologized for doing so.

27.   On or about November 13, 2014, the plaintiff met with Cox and Coon. Coon suggested having a mediation session with individuals in his research group who allegedly had complained about the plaintiff's behavior. The plaintiff agreed to mediation, as she had not been given any specific examples of her alleged behavioral issues.

28.   The mediation discussed on November 13, 2014 never was arranged.

29.   On or about December 11, 2014, the plaintiff again met with Coon and Cox. Coon informed her that she would not be permitted to return to her employment with the Coon Research Group. After Coon left the meeting, the plaintiff complained to Cox that she was being

retaliated against. Cox responded that faculty had the authority to dismiss their student-employees for any reason.

30. In order for the plaintiff to obtain her Ph.D., it was necessary that she be part of a research group and have access to a lab.

31. On or about January 2, 2015, the plaintiff joined the research group of Amador-Noguez.

32. During the week of January 27th, 2015, the plaintiff met with Brian Bubenzer, Assistant Dean of the College of Letters and Science at the University of Wisconsin-Madison, to discuss her dismissal from the Coon research group and the standard policies for the dismissal of graduate students.

33. On or about February 27, 2015, the plaintiff created a flyer setting forth factual statistics indicating the discriminatory treatment of women within the Coon Research Group, and opposing discriminatory employment practices within the Chemistry Department.

34. Brandi Bonfert, a graduate student in the Chemistry Department at the University of Wisconsin-Madison, took copies of the flyer to the front desk at Union South on the campus of the University of Wisconsin-Madison. Thereafter, the flyers were distributed to prospective Chemistry graduate students and employees who were staying at Union South the weekend of February 28, 2015.

35. On or about March 9, 2015, Sanders directed the plaintiff to meet with him and McMahon. During this meeting, Sanders and McMahon threatened the employment of the plaintiff and Bonfert if the plaintiff did not answer questions about the flyer the plaintiff had created. In particular, they stated that dissemination of the flyer was going to damage the Chemistry Department financially, and that those involved were going to suffer adverse employment actions.

36.     On or about March 10, 2015, Professor Lloyd Smith stepped down as the plaintiff's academic advisor, without explanation or advance warning.

37.     The plaintiff then met with Patricia Villarreal in the Office of Equity and Diversity at the University of Wisconsin-Madison to file a complaint in regard to her treatment.

38.     On or about March 10, 2015, the plaintiff told Amador-Noguez that she was being retaliated against by the Chemistry Department for opposing discriminatory practices and that she would be filing complaints with the Office of Equity and Diversity and the Wisconsin Equal Rights Division.

39.     On or about March 12, 2015, the plaintiff was formally charged with disrupting a University recruiting event and misrepresenting herself to a University employee by Kathy Kruse of the Dean of Students Office at the University of Wisconsin-Madison.

40.     Thereafter, Steve Hahn, the Dean of Admissions and Academic Services at the University of Wisconsin-Madison, informed the plaintiff that because Lloyd Smith had removed himself as her academic advisor, she was no longer making satisfactory progress toward her degree. That prompted the plaintiff to send an email to Amador-Noguez asking for a performance review, to which he did not respond. A few days later, Amador-Noguez told the plaintiff that she was doing a fine job and that she should focus on her upcoming third-year examination.

41.     On or about March 17, 2015, Amador-Noguez informed the plaintiff that Sanders had told him what had happened with regard to the distribution of the flyer on the weekend of February 28th.

42.     On or about March 31, 2015, the plaintiff received a disciplinary letter from Bubenzer alleging that she had misrepresented herself to Bonfert. The plaintiff was not aware that she

was under investigation by the College of Letters and Science, and neither she nor Bonfert was interviewed in connection with that investigation.

43. On or about April 20, 2015, Amador-Noguez terminated the plaintiff's employment, without advance warning or explanation.

44. On or about April 24, 2015, the plaintiff again attempted to file a formal complaint with the Office of Equity and Diversity. Rather than filing the complaint, Patricia Villarreal asked the plaintiff for a suggested resolution, and then failed to respond to the plaintiff's requests that an investigation be conducted.

45. On or about April 27, 2015, the plaintiff received a disciplinary letter from Kruse stating that the plaintiff did not misrepresent herself to Bonfert and that she had not disrupted a University recruiting event. However, Kruse warned the plaintiff against making and distributing flyers in the future.

46. On or about May 30, 2015, the plaintiff wrote to Bubenzer seeking to appeal his disciplinary letter. No appeal ever was opened.

47. In June 2015, the plaintiff was forced to withdraw as a Ph.D candidate at the University of Wisconsin-Madison due to her dismissal from the Coon and Amador-Noguez groups, her loss of income and the severely hostile work environment.

48. In March 2015, the plaintiff filed timely charges of discrimination with the Wisconsin Department of Workforce Development, Equal Rights Division ("ERD"), which charges were cross filed with the United States Equal Employment Opportunity Commission ("EEOC").

49. Subsequently, ERD issued its determination that there was probable cause to believe that the University of Wisconsin-Madison violated the Wisconsin Fair Employment Act by discriminating against the plaintiff for opposing a discriminatory practice.

50. On November 29, 2017, the EEOC issued a Notice of Right to Sue within ninety (90) days.

## FIRST CAUSE OF ACTION
## RETALIATION IN VIOLATION OF TITLE VII

51. The plaintiff re-alleges and incorporates paragraphs 1-50 as if fully set forth herein.

52. At all times relevant to this Complaint, the defendants were employers within the meaning of Title VII, 42 U.S.C. §2000e(b).

53. At all times relevant to this Complaint, the plaintiff was an employee of the defendants within the meaning of Title VII, 42 U.S.C. §2000e(f).

54. It is an unlawful employment practice under Title VII, 42 U.S.C. §2000e-2(a), for an employer to discriminate against an employee by depriving an individual of employment opportunities or otherwise adversely affect the employment status of an employee because of that employee's sex.

55. While she was an employee of the defendants, the plaintiff engaged in a protected activity under federal law by opposing employment practices of defendant Coon made unlawful under Chapter VII, namely discrimination against his employees on the basis of their sex.

56. Due to her expressed opposition to the unlawful employment practices of defendant Coon, the plaintiff was dismissed from her position as a Research Assistant, was unable to complete her research and was unable to obtain her Ph.D. from the University of Wisconsin-Madison.

57. The defendants engaged in an unlawful employment practice, in violation of Title VII, 42 U.S.C. §2000e-3, by discriminating and retaliating against the plaintiff for opposing defendant Coon's unlawful employment practices.

58.   The plaintiff suffered a materially adverse action due to the unlawful conduct of the defendants.

59.   As a result of the defendants' unlawful conduct, the plaintiff suffered damages, including lost earnings, lost future earnings, emotional pain and suffering, and loss of reputation.

**SECOND CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF 42 U.S.C § 1983.**

60.   The plaintiff re-alleges and incorporates paragraphs 1-59 as if fully set forth herein.

61.   The plaintiff engaged in an activity protected under the First Amendment to the United States Constitution, namely, expressing opposition to the discriminatory practices of defendant Coon.

62.   The defendants, acting under color of law, discriminated and retaliated against the plaintiff for engaging in that protected activity, in violation of 42 U.S.C. § 1983.

63.   The plaintiff's participation in the afore-mentioned protected activity was a motivating factor in the adverse employment action taken by the defendants against the plaintiff.

64.   As a result of the defendants' unlawful conduct, the plaintiff suffered damages, including lost earnings, lost future earnings, emotional pain and suffering, and loss of reputation.

WHEREFORE, the plaintiff demands the following:

a.   Injunctive relief against the defendants ordering that they cease and desist the discriminatory practices against the plaintiff and others and refrain from making inaccurate and damaging comments to third parties in regard to her employment and tenure at the University of Wisconsin-Madison;

b.   Compensatory damages for emotional injury, distress, and physical pain and suffering;

c.   Lost future earnings;

d.   Punitive damages;

e.  Lost wages and back pay;

f.  Reasonable attorney's fees and costs incurred in both administrative actions as well as

    in connection with this case;

g.  Any other relief the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL.


Dated this 10th day of January, 2018.

                                        s/Daniel P. Bach
                                        Attorney Daniel P. Bach
                                        WI State Bar #1005751
                                        dbach@lawtoncates.com

                                        Lawton & Cates, S.C.
                                        146 E. Milwaukee Street, Suite 120
                                        P.O. Box 399
                                        Jefferson, WI  53549
                                        (920) 674-4567

                                        *Counsel for Plaintiff*