IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALLISON J. BALLOON,

    Plaintiff,

v.                                      Case No. 18-CV-0021

THE BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,
et al.,

    Defendants.

## ANSWER

The Defendants, Board of Regents of the University of Wisconsin System, Joshua Coon, Matthew Sanders, Robert McMahon, and Daniel Amador-Noguez, by and through their attorneys, Assistant Attorney General Anne M. Bensky, answer the plaintiff's complaint (Dkt. 1), as follows:

**NATURE OF ACTION**

1. Answering paragraph 1 of Plaintiff's complaint, Defendants DENY they discriminated against Plaintiff Allison J. Balloon and DENY they violated the Civil Rights Act of 1964, 42 U.S.C. § 2000 (Title VII) and 42 U.S.C. § 1983; ADMIT the complaint is brought pursuant to those laws.

**JURISDICTION AND VENUE**

2. Answering paragraph 2 of Plaintiff's complaint, Defendants AFFIRMATIVELY ALLEGE the allegation sets forth is a legal conclusion to

which no response is required; to the extent it alleges facts, Defendants ADMIT.

3. Answering paragraph 3 of Plaintiff's complaint, Defendants AFFIRMATIVELY ALLEGE the allegation sets forth is a legal conclusion to which no response is required; to the extent it alleges facts, Defendants ADMIT.

## PARTIES

4. Answering paragraph 4 of Plaintiff's complaint, Defendants ADMIT that plaintiff was attending and employed by the University of Wisconsin-Madison; lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, DENY.

5. Answering paragraph 5 of Plaintiff's complaint, Defendants ADMIT.

6. Answering paragraph 6 of Plaintiff's complaint, Defendants ADMIT.

7. Answering paragraph 7 of Plaintiff's complaint, Defendants AFFIRMATIVELY ALLEGE that Defendant Coon holds joint appointments as a professor in both the Department of Chemistry and the Department of Biomolecular Chemistry at the University of Wisconsin-Madison; as to the remaining allegations, Defendants ADMIT.

8. Answering paragraph 8 of Plaintiff's complaint, Defendants AFFRIMATIVELY ALLEGE that Defendant Sanders business address is 1126f Chemistry Building, 1101 University Avenue, Madison, Wisconsin 53706; as to the remaining allegations, Defendants ADMIT.

9. Answering paragraph 9 of Plaintiff's complaint, Defendants AFFRIMATIVELY ALLEGE that plaintiff mistakenly references Defendant Sanders instead of Defendant McMahon and that Defendant McMahon served as the Chair of the Chemistry Department at the University of Wisconsin-Madison only from July 1, 2013 until June 30, 2017; as to the remaining allegations, Defendants ADMIT.

10. Answering paragraph 10 of Plaintiff's complaint, Defendants of Plaintiff's complaint, Defendants ADMIT.

11. Answering paragraph 11 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, DENY.

**FACTS**

12. Answering paragraph 12 of Plaintiff's complaint, Defendants ADMIT.

13. Answering paragraph 13 of Plaintiff's complaint, Defendants ADMIT; AFFIRMATIVELY ALLEGE her appointment may have begun in June, 2012.

3

14. Answering paragraph 14 of Plaintiff's complaint, Defendants ADMIT that Plaintiff was invited to join Coon Research Group because of her academic performance; DENY remaining allegations.

15. Answering paragraph 15 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, DENY.

16. Answering paragraph 16 of Plaintiff's complaint, Defendants DENY and AFFIRMATIVELY ALLEGE that plaintiff and another student from the Coon Research Group organized a student dinner with the visiting speaker and that Defendant Coon frequently involved Coon Research group staff and students in these events and participation was not reflective of group standing.

17. Answering paragraph 17 of Plaintiff's complaint, Defendants ADMIT that plaintiff attended a dinner with a selected speaker on October 9, 2014; as to the remaining allegation Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

18. Answering paragraph 18 of Plaintiff's complaint, Defendants DENY and AFFIRMATIVELY ALLEGE that Defendant Coon asked Plaintiff if she believed that there were gender bias issues present in Coon Research Group, which she denied.

19. Answering paragraph 19 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore DENY.

20. Answering paragraph 20 of Plaintiff's complaint, Defendants ADMIT.

21. Answering paragraph 21 of Plaintiff's complaint, Defendants ADMIT that on October 16, 2014 Assistant Dean of Students Ervin Cox and Defendant Coon met with plaintiff and that during this meeting Defendant Coon restricted plaintiff's access to his lab and asked she not contact members of Coon Research Group; AFFIRMATIVELY ALLEGE that plaintiff was provided with an incomplete medical release form and told that the medical information would only be released to Cox, not Defendant Coon; DENY all remaining allegations.

22. Answering paragraph 22 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

23. Answering paragraph 23 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

24. Answering paragraph 24 of Plaintiff's complaint, Defendants ADMIT that plaintiff was sent a letter on October 27, 2014; AFFIRMATIVELY

ALLEGE that Coon's October 27, 2014 letter addressed multiple concerns relating to plaintiff's performance and behavior and their effect on both herself and the lab, and suggested several solutions to resolve these issues; DENY remaining allegations.

25.  Answering the first sentence of paragraph 25 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY; ADMIT that the Plaintiff sent an email to Coon asking him to stop disseminating her confidential health information.

26.  Answering paragraph 26 of Plaintiff's complaint, Defendants DENY.

27.  Answering paragraph 27 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore DENY regarding the suggestion of mediation and AFFIRMATIVELY ALLEGE that plaintiff was provided with examples of problematic behavior in both written and verbal form.

28.  Answering paragraph 28 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

29.  Answering paragraph 29 of Plaintiff's complaint, Defendants ADMIT that it was determined that plaintiff could no longer continue her

6

employment with the Coon Research Group; as to the remaining allegations, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

30. Answering paragraph 30 of Plaintiff's complaint, Defendants ADMIT.

31. Answering paragraph 31 of Plaintiff's complaint, Defendants AFFFIRMATIVELY ALLEGE that plaintiff joined the research group of Amador-Noguez on January 9, 2015.

32. Answering paragraph 32 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

33. Answering paragraph 33 of Plaintiff's complaint, Defendants ADMIT that plaintiff created a flyer; DENY all remaining allegations.

34. Answering paragraph 34 of Plaintiff's complaint, Defendants ADMIT.

35. Answering paragraph 35 of Plaintiff's complaint, Defendants ADMIT to meeting March 9, 2015 with plaintiff and Bonfert regarding their possible misconduct and stating their actions could damage the Chemistry Department financially; DENY all remaining allegations.

36. Answering paragraph 36 of Plaintiff's complaint, Defendants ADMIT that Professor Lloyd Smith stepped down as plaintiff's academic

7

advisor on March 10, 2015; as to the remaining allegations Defendants lack knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

37. Answering paragraph 37 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

38. Answering paragraph 38 of Plaintiff's complaint, Defendants DENY.

39. Answering paragraph 39 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

40. Answering paragraph 40 of Plaintiff's compliant, Defendant Amador-Noguez ADMITS to receiving an email request from the Plaintiff requesting a performance review and telling her that she should focus on her upcoming third year examination, as to the remaining allegations Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

41. Answering paragraph 41 of Plaintiff's complaint, Defendants DENY.

42. Answering the first sentence of paragraph 42 of Plaintiff's complaint Defendants ADMIT that on March 31, 2015 Brian Bubenzer,

Assistant Dean of the College of Letters and Science, sent a disciplinary letter to plaintiff; as to the remaining allegations, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

43. Answering paragraph 43 of Plaintiff's complaint, Defendants DENY and AFFIRMATIVELY ALLEGE that plaintiff's one semester appointment was ended June 30, 2015 and was not terminated.

44. Answering paragraph 44 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

45. Answering paragraph 45 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

46. Answering paragraph 46 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

47. Answering paragraph 47 of Plaintiff's complaint, Defendants DENY.

48. Answering paragraph 48 of Plaintiff's complaint, Defendants ADMIT.

49. Answering paragraph 49 of Plaintiff's complaint, Defendants ADMIT the ERD's probable cause determination, but AFFIRMATIVELY ALLEGE that it states, "There is probable cause to believe the University of Wisconsin-Madison may have violated the Wisconsin Fair Employment act."

50. Answering paragraph 50 of Plaintiff's complaint, Defendants lack knowledge or information to form a belief as to the truth of the allegations and, therefore, DENY.

## FIRST CAUSE OF ACTION
## RETALIATION IN VIOLATION OF TITLE VII

51. Answering paragraph 51 of Plaintiff's complaint, Defendants re-allege their responses to the preceding paragraphs as though set forth herein.

52. Answering paragraph 52 of Plaintiff's complaint, Defendants AFFIRMATIVELY ALLEGE the allegation states a legal conclusion to which no response is required, and therefore DENY.

53. Answering paragraph 53 of Plaintiff's complaint, Defendants AFFIRMATIVELY ALLEGE the allegation states a legal conclusion to which no response is required, and therefore DENY.

54. Answering paragraph 54 of Plaintiff's complaint, Defendants AFFIRMATIVELY ALLEGE the allegation sets forth is a legal conclusion to which no response is required; DENY the Defendants engaged in any unlawful practice under the law.

55. Answering paragraph 55 of Plaintiff's complaint, Defendants DENY.

56. Answering paragraph 56 of Plaintiff's complaint, Defendants DENY.

57. Answering paragraph 57 of Plaintiff's complaint, Defendants DENY.

58. Answering paragraph 58 of Plaintiff's complaint, Defendants DENY.

59. Answering paragraph 59 of Plaintiff's complaint, Defendants DENY.

**SECOND CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF 42 U.S.C § 1983**

60. Answering paragraph 60 of Plaintiff's complaint, Defendants re-allege their responses to the preceding paragraphs as though set forth herein.

61. Answering paragraph 61 of Plaintiff's complaint, Defendants AFFIRMATIVELY ALLEGE the allegation states a legal conclusion to which no response is required, and therefore DENY.

62. Answering paragraph 62 of Plaintiff's complaint, Defendants DENY.

63. Answering paragraph 63 of Plaintiff's complaint, Defendants DENY.

64. Answering paragraph 64 a-g of Plaintiff's complaint, Defendants DENY any allegations and DENY that plaintiff is entitled to any relief she seeks.

Defendants DENY any and all allegations not specifically admitted herein.

## DEFENSES

1. All or portions of Plaintiff's complaint fail to state a claim upon which relief can be granted.

2. One or more defendants are entitled to sovereign immunity.

3. Defendants' actions were taken for legitimate, non-discriminatory reasons and not for any unlawful reasons.

4. One or more defendants are entitled to qualified immunity.

5. Plaintiff did not engage in any protected activity for the purpose of her retaliation claims.

6. Any damages sustained by Plaintiff were caused by intervening or superseding causes over which these answering defendants had no control, including but not limited to acts or omissions of Plaintiff herself.

7. Plaintiff has failed to mitigate her damages.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint, and an order awarding Defendants' attorney's fees, as well as such other relief as the Court deems appropriate.

Dated this 8th day of February, 2018.

                Respectfully submitted,

                BRAD D. SCHIMEL
                Wisconsin Attorney General

                <u>s/Anne M. Bensky</u>
                ANNE M. BENSKY
                Assistant Attorney General
                State Bar #1069210

                Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-9451
(608) 267-8906 (Fax)
benskyam@doj.state.wi.us